# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**STEVEN WILLIAM CARPENTER,**<br><br>Defendant. | **Cause No. CR 12-65-GF-BMM**<br><br>**ORDER** |

## BACKGROUND

Steven William Carpenter moved the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 713; Doc. 747.) Carpenter is currently serving a sentence of 188 months on fraud-related crimes. (Doc. 407.) Carpenter has served approximately 96 months of his sentence. Carpenter's scheduled release date is December 29, 2025. *See* Inmate Locator, www.bop.gov/inmateloc (accessed August 11, 2022). Carpenter is currently at a medical facility, but remains in the custody of the BOP. (Doc. 726.)

### I.   Availability of Relief Under 18 U.S.C. § 3582

The First Step Act amended the United States Code to "promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019). The First Step Act amendments to 21

U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 3582(c)(1)(A) prove especially relevant to Carpenter's motion.

Where, as here, a motion for a sentence reduction is well taken, the Court may modify a term of imprisonment following a finding that "extraordinary and compelling reasons warrant such a reduction." *Id.* When deciding whether to reduce a sentence, the Court must consider the factors set forth in 18 U.S.C. § 3553(a), and whether the reduction proves "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)–(2).

Congress has not defined those circumstances that rise to the level of "extraordinary and compelling," except to say that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t); *Brown*, 411 F. Supp. 3d at 448. The law instead directs the Sentencing Commission to issue a policy statement in which it describes "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t); *Brown*, 411 F. Supp. 3d at 448.

The relevant Sentencing Commission policy statement lies in USSG § 1B1.13, titled Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) ("Policy Statement"). Notably, the Sentencing Commission has not amended the Policy Statement since passage of the First Step Act. *See United States v. Haynes*, 456 F. Supp. 3d 496, 507 (E.D.N.Y. 2020); *Brown*, 411 F. Supp. 3d at 448. A number

of district courts have noted the unlikelihood of the Sentencing Commission updating the Policy Statement in the foreseeable future, as the Sentencing Commission requires four voting Commissioners to adopt a proposed amendment, and currently has only two voting Commissioners. *See, e.g., Haynes*, 456 F. Supp. 3d at 510 n.20; *Brown*, 411 F. Supp. 3d at 449 n.1; *United States v. Cantu*, 423 F. Supp. 3d 345, 347–48 n.1 (S.D. Tex. 2019); *United States v. Maumau*, No. 2:08-cr-00758-TC-11, 2020 WL 806121, at *1 n.3 (D. Utah Feb. 18, 2020); *United States v. Fox*, No. 2:14-cr-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019); *United States v. Handerhan*, No. 110-CR-00298, 2019 WL 1437903, at *1 n.4 (M.D. Pa. Apr. 1, 2019).

The "Commentary" to the Policy Statement lists five "Application Notes," the terms of which evidence the Policy Statement's inapplicability to the amended § 3582(c)(1)(A). *See* USSG § 1B1.13 n.1–5. Note 1 lists those circumstances that qualify as "extraordinary and compelling," including the defendant's medical condition, age, family circumstances, and "Other Reasons." *Id.* n.1(A)–(D). The "Other Reasons" subdivision to Note 1 provides as follows: "As determined by the Director of [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." Id. n.1(D) (emphasis added). Notes 4 and 5 likewise "speak plainly to the BOP's exclusive gate-keeping authority pre-[First Step Act]."

3

*Haynes*, 456 F. Supp. 3d at 508. Note 4 provides, for example, that a "reduction under this policy statement may be granted only upon motion by the Director of the [BOP] pursuant to 18 U.S.C. § 3582(c)(1)(A)." USSG § 1B1.13 n.4 (emphasis added).

The pre-First Step Act Policy Statement does not account for amendments to § 3582(c)(1)(A), namely, removal of BOP's sentinel authority over sentence reduction petitions and extension to defendants of the right directly to move for a sentence reduction. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). The Policy Statement instead contemplates only motions filed by the BOP Director. *Id.*; *see also* USSG § 1B1.13.

When the First Step Act's amendments of § 3582(c)(1)(A) became effective, a split in authority emerged over whether the Policy Statement at USSG § 1B1.13 remained "applicable" to § 3582(c)(1)(A) motions directly filed by defendants. *See Beck*, 425 F. Supp. 3d at 579 (quoting § 3582(c)(1)(A)(i)'s requirement that a court's sentencing reduction must be "consistent" with any "applicable" policy statements); *Cantu*, 423 F. Supp. 3d at 351 ("Given the changes to [§ 3582(c)(1)(A)], the policy-statement provision that was previously applicable . . . no longer fits . . . and thus does not comply with the congressional mandate that the policy statement must provide guidance on the appropriate use of sentence-modification provisions under § 3582." (emphasis in original)); *Haynes*, 456 F. Supp. 3d at 511–13 (citing "at least

4

twelve" other federal district courts that have held the Policy Statement's "extraordinary and compelling reasons" list to be unexhaustive for defendants' direct sentence reduction motions).

The Ninth Circuit subsequently issued its decision in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). The *Aruda* decision makes clear that the Policy Statement at USSG § 1B1.13 "is not an 'applicable policy statement' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." 993 F.3d at 801. Where a court considers a sentence reduction motion directly filed by a defendant under the First Step Act, the substantive standards for what may qualify as extraordinary and compelling expand beyond the bounds of guidance provided in USSG § 1B1.13's Policy Statement Application Notes. *United States v. Aruda*, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021); *see also Haynes*, 456 F. Supp. 3d at 511–13; *Cantu*, 423 F. Supp. 3d at 350–52; *Beck*, 425 F. Supp. 3d at 578–80 (M.D.N.C. 2019); *Brown*, 411 F. Supp. 3d at 451.

Although the Policy Statement may provide helpful guidance, *see United States v. Booker*, 543 U.S. 220, 245 (2005), "it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i)." *Beck*, 425 F. Supp. 3d at 579; *see also United States v. McCoy*, 981 F.3d 271, 282 n.7 (4th Cir. 2020). The Court will look to additional considerations outside those listed in the Policy Statement to

determine whether extraordinary and compelling circumstances compel a reduction in Campa's sentence.

## II. Whether Carpenter has Demonstrated Extraordinary and Compelling Reasons

Despite this Court's determination that it has discretion to provide relief, Carpenter still must demonstrate that extraordinary and compelling reasons support a reduction of his sentence. *Maumau*, 2020 WL 806121, at *5. Carpenter has cited in support of his motion the COVID-19 pandemic, as well as Carpenter's age and underlying health conditions, including Chronic Obstructive Pulmonary Disease ("COPD"). (Doc. 747 at 1.)

Carpenter's history of COPD, among other health issues, increase his risk of becoming seriously ill should he contract COVID-19. *See People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (Accessed August 11, 2022). Carpenter's age also places him at increased risk of COVID-19. *COVID-19 Risks and Vaccine Information for Older Adults*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/aging/covid19/covid19-older-adults.html (Accessed August 11, 2022).

It is impossible to surmise exactly how likely Carpenter is to become ill, but recent studies indicate that there are significant chances of a person developing long-term health impacts after contracting COVID-19. *See* Maxime Taquet et al.,

*Incidence, co-occurrence, and evolution of long-COVID features: A 6-month retrospective cohort study of 273,618 survivors of COVID-19*, PLOS Medicine, Sept. 2021; *See COVID-19 Cases*, www.bop.gov/coronavirus/ (accessed August 11, 2022). Carpenter's vaccinated status will provide some measure of protection, but the longer he remains in a confined facility, the longer he remains at higher risk. The Court determines that COVID-19 poses a continued risk to Carpenter's health.

Carpenter's COPD presents independent health concerns, as detailed by his physician, Dr. A. Dib Dudar, M.D., of Pulmonary and Critical Care Sound Physicians. (Doc. 747 at 2.) Dr. Dudar opines that Carpenter requires regular reassessment to escalate or de-escalate his medical therapy as needed in order to effectively treat Carpenter's COPD. (Doc. 747-1.) Dr. Dudar asserts that the level of regular assessment that Carpenter's condition requires has not been met by the BOP and Dr. Dudar advocates for his compassionate release. (*Id.*) In light of both Carpenter's COPD and the Covid-related concerns for Carpenter's health, the Court will reduce Carpenter's sentence to 160 months.

The Court determines that extraordinary and compelling reasons exist to reduce Carpenter's sentence, but not to grant Carpenter's motion for compassionate release effective immediately. Due to the extraordinary and compelling reasons argued by Carpenter and Dr. Dudar, however, the Court will reduce Carpenter's sentence to 160 months.

Reducing Carpenter's sentence to 160 months comports with the 3553(a) sentencing factors. Carpenter has a criminal history category four and a total offense level of 31. (Doc. 420.) Carpenter's extensive criminal history over the course of several decades demonstrates that Carpenter continues to pose a risk to the community at this time. (Doc. 420 at 13-15.) Carpenter's relatively high criminal history category, total offense level, and the persistence of his criminal conduct over three decades justifies the length of his reduced sentence as compared to other fraud defendants. *See, e.g.*, *United States v. Conti*, 4:13-cr-00065-BMM-3, Doc. 308, (60 months); *United States v. Moore*, 4:17-cr-00042-BMM, Doc. 175, (125 months).

Accordingly, **IT IS ORDERED**:

Carpenter's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 713; 747) are **GRANTED, IN PART, AND DENIED, IN PART**. The Court reduces Carpenter's sentence to 160 months.

DATED this 11th day of August, 2022.

_____
Brian Morris, Chief District Judge
United States District Court